UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NIGEL LORENZO FAISON,

    Petitioner,

v.                                       Case No: 5:23-cv-67-WFJ-PRL

WARDEN, FCC COLEMAN,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner Nigel Lorenzo Faison's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. 1. Respondent filed a Motion to Dismiss the Petition, Dkt. 5, to which Petitioner replied, Dkt. 6. Upon careful consideration, the Court grants Respondent's motion and dismisses the petition.

## BACKGROUND

In March 2017, the United States District Court for the District of South Carolina sentenced Petitioner to 106 months' imprisonment for: possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession of a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). *See* Judgment, *United*

*States v. Faison*, No. 3:16-cr-343-JFA (D.S.C. Mar. 3, 2017) (Dkt. 58). Petitioner is serving his prison sentence at the Federal Correctional Complex, United States Low, in Coleman, Florida. His projected release date based on good conduct time is January 16, 2026. Dkt. 5-2.

On January 20, 2023, Petitioner filed the instant § 2241 petition challenging the Bureau of Prison's ("BOP") calculation of his sentence. Dkt. 1. Petitioner asserts that he is entitled to 660 days of earned time credits under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632. *Id.* at 6−7. Petitioner concedes that he did not exhaust his administrative remedies within the BOP prior to filing his petition. *Id.* at 7. However, Petitioner asserts that exhaustion is futile. *Id.* at 7, 10. Based on Petitioner's failure to exhaust his administrative remedies, Respondent now moves to dismiss the instant petition. Dkt. 5.

## DISCUSSION

Though exhaustion is not considered jurisdictional in a § 2241 proceeding, courts may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). District courts follow a two-step process to determine whether to dismiss a § 2241 petition for failure to exhaust administrative remedies. *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 854 (11th Cir. 2020) (citing *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008)). First, a court looks to the

respective factual allegations of the inmate and the respondent. *Id.* at 856. If the parties' factual allegations conflict, the court accepts as true the inmate's version of events. *Id.* Where the inmate's allegations establish his failure to exhaust administrative remedies, the court must dismiss the petition. *Id.*

If the inmate's factual allegations do not support dismissal of his petition at the first step, however, the court proceeds to the second step of its analysis. *Id.* The respondent then bears the burden of establishing that the inmate failed to exhaust his administrative remedies. *Id.* The court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* Upon making such findings, the court determines whether the inmate has exhausted his administrative remedies. *Id.* at 857.

Here, the Court may resolve this matter at the first step, as Petitioner and Respondent's factual allegations do not conflict. Petitioner and Respondent agree that Petitioner has not exhausted his administrative remedies within the BOP. Dkt. 1 at 7; Dkt. 5 at 2; *see also* Dkt. 6 at 2 (Petitioner acknowledges that he "did not complete any of the procedural steps outlined in the BOP's administrative remedy procedure."). A BOP administrative remedy report confirms this. Dkt. 5-3; *see also* Dkt. 5-4. With no dispute that Petitioner has failed to exhaust his administrative remedies, his petition is due to be dismissed.

Nevertheless, Petitioner asserts that his failure to exhaust his administrative

remedies should be excused on the basis of futility. Dkt. 1 at 7, 10. Petitioner appears to primarily argue that exhaustion is futile because he is challenging the "validity"—not the "application"—of the BOP's policy of denying FSA earned time credits to inmates who, like Petitioner, are serving time for firearm-related convictions under § 924. *Id.* Petitioner further contends that the BOP's administrative process is a procedural dead-end that he cannot timely complete. *Id.* at 14.

While futility may generally be raised as an exception to the exhaustion requirement, "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Perez v. Joseph*, No. 3:22-cv-2055-MCR-HTC, 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (internal quotations omitted). Before the Eleventh Circuit determined that the exhaustion requirement is not jurisdictional in nature, *see Santiago-Lugo*, 785 F.3d at 475, the Eleventh Circuit stated that there is no established futility exception to exhaustion on a § 2241 petition, *see McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012). Regardless, circuits that recognize the futility exception have limited its application to "extraordinary circumstances." *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citation omitted). It is ultimately the petitioner's burden to demonstrate the futility of administrative review. *Id.* (citation omitted).

To the extent that this circuit recognizes the futility exception on a § 2241

4

petition, Petitioner has not demonstrated any exceptional circumstances warranting the exception's application here. Challenging the BOP's policy of barring inmates with § 924 convictions from receiving FSA earned time credits is not an exceptional circumstance in this circuit. If Petitioner believes he has been wrongly denied FSA earned time credits, he must first raise that argument with the BOP through its administrative remedy process. Moreover, Petitioner's assertion that the administrative remedy process is a procedural dead-end that he will not be able to timely complete is meritless. Petitioner filed this petition roughly three years before his projected release date of January 16, 2026. He still has ample time to challenge his ineligibility for earned time credits within the BOP's three-level administrative remedy process.

## CONCLUSION

Based on the foregoing, Respondent's Motion to Dismiss, Dkt. 5, is **GRANTED**. Petitioner's § 2241 Petition, Dkt. 1, is dismissed without prejudice. The Clerk is directed to enter judgment in favor of Respondent and close this case.

**DONE AND ORDERED** at Tampa, Florida, on July 12, 2023.

/s/ *William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Petitioner, *pro se*
Counsel of Record